UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEE GARDNER, PETER DeCHANTS,
DAVID LINER, WILLIAM MEYERS,
KEITH JUNK, AND MASCO CORPORATION, as
Assignee of TIMOTHY WADHAMS,

      Plaintiffs,

v.                                                  Case Number: 09-CV-13292
                                                  Honorable Denise Page Hood

HEARTLAND INDUSTRIAL PARTNERS, L.P.,
HEARTLAND INDUSTRIAL ASSOCIATES,
L.L.C., TIMOTHY LEULIETTE, and DANIEL
TREDWELL, jointly and severally,

      Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLANTIFFS' MOTION TO REMAND

**I.    INTRODUCTION**

This matter is before the Court on Defendants Heartland Industrial Partners, L.P., Heartland Industrial Associates, L.L.C., Timothy Leuliette and Daniel Tredwell's (collectively, "Defendants") Motion to Dismiss [Docket No. 8, filed on September 3, 2009]. Plaintiffs responded, then filed an Amended Response to Defendants' Motion to Dismiss [Docket No. 14, filed on October 14, 2009]. Defendants replied on October 26, 2009 [Docket No. 16].

This matter is also before the Court on Plaintiff Lee Gardner, Peter DeChants, David Liner, William Meyers, Keith Junk, and Masco Corporation, as Assignee of Timothy Wadhams' (collectively, "Plaintiffs") Motion to Remand [Docket No. 9, filed on September 21, 2009]. Defendants responded to Plaintiffs' motion on October 19, 2009 [Docket No. 15]. Plaintiffs

1

replied on November 2, 2009 [Docket No. 18].

## II. STATEMENT OF FACTS

The facts in this case are in dispute. Plaintiffs are former employees of Metaldyne Corporation or its predecessors, and claim to be a party to an ERISA plan, the Amended Supplemental Executive Retirement Plan ("SERP"). One term of the SERP would accelerate payments of retirement benefits to Plaintiffs in the event of a change in control, as defined by the Amended SERP.

Defendants Heartland Industrial Partners, LP and Defendant Heartland Industrial Associates, LLC had a substantial investment in Metaldyne Corporation. In August 2006, Metaldyne and Asahi Tec executed a merger agreement. The controlling shareholder of Asahi Tec, Inc. is allegedly an entity called Ripplewood. Plaintiffs maintain that Metaldyne failed to inform Asahi Tec of an estimated liability of $16 million dollars arising from the acceleration of retirement benefits under the Amended SERP. Plaintiffs allege that Defendants had the SERPs declared invalid once Asahi Tec learned of this obligation, in an effort to save the sale. Plaintiffs were denied payments under the SERP. Plaintiffs maintain that Defendants had no legitimate basis for declaring the contractual obligations invalid, and brought a claim for tortious interference of contract.

## III. LAW AND ANALYSIS

Both Plaintiffs' Motion for Remand and Defendants' Motion to Dismiss raise the same issue. At the crux of each motion is the question of whether ERISA preempts Plaintiffs' claim against Defendants for tortious interference of contract, where the contract at issue, an Amended SERP, is a plan under the ERISA statute. This question must be answered at the threshold. If

Plaintiffs' claim is *not* preempted by ERISA, there is no federal question and the case must be remanded. If Plaintiffs' claim *is* preempted by ERISA, Defendants; motion to dismiss must be granted, as they are non-ERISA entities.[1]

ERISA preemption is broad. The Sixth Circuit has recognized that "ERISA preempts state law and state law claims that 'relate to' any employee benefit plan as that term is defined [in the statute] . . ." and "'relate to' is given broad meaning such that a state law cause of action is preempted if 'it has connection with or reference to that plan.'" *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275 *quoting Metropolitan Life Ins. Co. v. Mass*, 471 U.S. 724 (1985). "Any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health*, *Inc. v. Davila*, 542 U.S. 200, 209 (2004).[2] The Supreme Court has found that ERISA preemption applies where the defendant's liability under a state-law claim required an interpretation of the ERISA plan. *See Aetna Health, Inc. v Davila*, 542 U.S. 200, 213 (2004).

Under Michigan law, the following elements must be proven to prevail on a claim for tortious interference with a contract: "(1) the existence of a contract, (2) a breach of the contract, and (3) an unjustified instigation of the breach by the defendant." *Health Call v. Atrium Home & Health Care Servs. Inc.*, 706 N.W.2d 843, 848-849 (2005). Plaintiffs argue that the ERISA plan is merely tangential to their tortious interference claim, and need not be interpreted to

---

[1] Plaintiffs are suing Metaldyne under ERISA, however that case has been stayed, as Metaldyne has filed for bankruptcy. Defendants argue that the suit against Metaldyne is the ERISA action that Plaintiffs seek to duplicate and supplant.

3

resolve it. Plaintiffs contend "[t]he only question will be whether and why the contracts were declared invalid and cancelled. The actual contents of the SERPs are not at issue in this case." Plaintiffs' Amended Response to Defendants' Motion to Dismiss, at 13.

Given that a claim for tortious interference has three elements, Plaintiffs simply cannot reduce the issue to this one question. Defendants argue that, in order to demonstrate the existence of a contract, whether the contract was breached, and whether any unjustified instigation occurred, the Court would necessarily have to interpret the ERISA plan.

Plaintiffs cite several cases for the proposition that a tortious interference with contract claim does not require interpretation of the relevant ERISA plan. However, these cases are inapposite, as they discuss state tortious interference with contract claims that do not include breach of contract as an element of the claim. *See, e.g., Hahn v. Ranch*, 602 F.Supp.2d 895 (N.D. Ohio 2008); *see also Horizon Blue Cross Blue Shied of New Jersey v. East Brunswick Surgery Center*, 623 F.Supp.2d 568 (D.N.J. 2009). The Sixth Circuit has stated, however, that "tortious interference with contractual relations claims are preempted if, but only if, breach of contract is an 'essential element' of such a state law claim." *Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 800 (6th Cir. 1990). As stated in *Weatherholt v. Meijer, Inc.*, 922 F.Supp. 1227, 1234 (E.D. Mich. 1996), "[t]he Sixth Circuit has consistently held that section 301 preempts a state law claim of tortious interference with contractual relations where a breach of the contract is a necessary element of the tortious interference claim. In Michigan, the law is clear that a breach of contract is a necessary element of any tortious interference claim." (internal citations omitted).[3] In *Logan v. Smith*, the court found that the Plaintiff's state law claims for tortious

---

[3] Although both *Fox* and *Weatherholt* are cases discussing the Labor Management Relations Act, the Supreme Court has found that "ERISA § 502(a)(1)(B)'s pre-emptive force mirrored the pre-emptive force of LMRA § 301." *Davila*, 542 U.S. at 209.

interference with a contract could not be resolved without interpreting the ERISA plan, because breach of contract is an element of the claim. 363 F.Supp.2d 804, 812 (2004).[4] Similarly, this Court cannot resolve Plaintiffs' tortious interference of contract claim without interpreting the contract at issue: the SERP. Plaintiffs' state law claims clearly "relate to" the SERP, such that they are preempted by ERISA.

Plaintiffs argue that *Fox v. Massey-Ferguson, Inc.*, 171 F.R.D. 653, 667 (E.D. Mich 1995) is determinative of this case, because the court found that there was no ERISA preemption as "the proposed claim of tortious interference is brought *specifically* against a non-fiduciary third party as a § 301 federal common law claim or as a non-preempted state law claim." (emphasis added). The parties do not dispute Defendants are "non-ERISA entities." *See* Plaintiffs' Motion to Remand, at 13. *Fox* is distinguishable from the present case. In *Fox*, there is no indication that the parties had a separate suit, seeking the same remedy, filed against the ERISA fiduciary. Here, it is undisputed that Plaintiffs have already brought suit against Metaldyne, seeking the same remedy: the money allegedly owed to them under the SERP. The litigation was stayed because Metaldyne filed for bankruptcy. This action "supplements, or supplants the ERISA civil enforcement remedy" and "conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health, Inc.,* 542 U.S. at 209.

Because Plaintiffs' claim is preempted by ERISA, Defendants are not the proper parties, and Defendants' Motion to Dismiss must be granted. Further, because Plaintiffs' claim is a federal question, remand is inappropriate here, and Plaintiffs' Motion for Remand must be

---

[4]Although this case applies Virginia law, one element of tortious interference in Virginia, as in Michigan, is an established breach of contract.

denied.

## V. CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** that Defendants Heartland Industrial Partners, L.P., Heartland Industrial Associates, L.L.C., Timothy Leuliette and Daniel Tredwell's Motion to Dismiss [Docket No. 8, filed on September 3, 2009] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs Lee Gardner, Peter DeChants, David Liner, William Meyers, Keith Junk, and Masco Corporation, as Assignee of Timothy Wadhams' Motion to Remand [Docket No. 9, filed on September 21, 2009] is **DENIED**.

**IT IS FURTHER ORDERED** that this cause of action is **DISMISSED**.


                                            S/Denise Page Hood
                                            Denise Page Hood
                                            United States District Judge

Dated: September 30, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2010, by electronic and/or ordinary mail.

                                            S/William F. Lewis
                                            Case Manager