UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEE GARDNER, PETER DeCHANTS,
DAVID LINER, WILLIAM MEYES,
KEITH JUNK, and MASCO CORPORATION, as
Assignee of TIMOTHY WADHAMS,

        Plaintiffs,

v.                                                      Case No. 09-13292
                                                        Honorable Denise Page Hood

HEARTLAND INDUSTRIAL PARTNERS, LP,
HEARTLAND INDUSTRIAL ASSOCIATES,
LLC, TIMOTHY LEULIETTE, and DANIEL
TREDWELL, jointly and severally,

        Defendants.

_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

**I.    INTRODUCTION**

This matter is before the Court on Plaintiffs' Motion for Reconsideration. **Docket No. 21, filed October 14, 2010**. This Court issued an Order Granting Defendants' Motion to Dismiss and Denying Plaintiffs' Motion to Remand on September 30, 2010. **Docket No. 20.**

**II.    ANALYSIS**

Pursuant to E.D. Mich. L.R. 7.1(g)(3) "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." A motion for reconsideration is only proper if the movant shows that the court and the parties were misled by a "palpable defect." E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004). The movant must also

demonstrate that the disposition of the case would be different if the palpable defect were cured. E. D. Mich. L.R. 7.1(g)(3).

Plaintiffs argue that this Court's preemption analysis contained palpable defects, which lead to an erroneous denial of remand. Specifically, Plaintiffs contend that the Court did not appropriately analyze whether the claims were federal in nature under ERISA to justify federal jurisdiction. Plaintiffs further contend that this Court erroneously determined that their claim for tortious interference was completely preempted by ERISA. Plaintiffs argue that their claim for tortious interference is not federal in nature.  Additionally, Plaintiffs reason that this Court erred in relying on preemption analysis arising under federal labor law. Plaintiffs assert that their claim requires examination of the surrounding facts and not the contract itself. Furthermore, Plaintiffs argue that reference to the ERISA plan to determine damages does not confer federal jurisdiction.

Plaintiffs have failed to meet the standard for reconsideration. They have not presented any new issues not already ruled on by this Court or any palpable defect that misled this Court or the parties. Plaintiffs have already presented the issue of whether their tortious interference claim is preempted by ERISA to this Court. Accordingly, Plaintiffs cannot demonstrate that there is any defect that, if cured, would change this Court's disposition.  Pursuant to Local Rule 7.1(g)(3), Plaintiffs' motion for reconsideration must be DENIED.

**III.    CONCLUSION**

For the reasons stated above,

**IT IS ORDERED** that the Plaintiffs' Motion for Reconsideration **[Docket No. 21, filed October 14, 2010]** is **DENIED.**

                                            s/Denise Page Hood
                                            United States District Judge

Dated: September 29, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2011, by electronic and/or ordinary mail.

                                            s/LaShawn R. Saulsberry
                                            Case Manager